UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH IREZIN ANOKAM § | |
| § | |
| Petitioner § | CRIMINAL ACTION NO. 4:09-CR-00426-3 |
| VS. § | CIVIL ACTION NO. 4:14-CV-02299 |
| § | |
| UNITED STATES OF AMERICA § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause are the following matters: (1) Movant Kenneth Ibezim Anokam's ("Anokam") § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), Doc. 688, and Memorandum in Support, Doc. 689, (2) the United States' Amended Response to Anokam's § 2255 Motion and Motion for Partial Summary Judgment ("Motion for Summary Judgment"), Doc. 762, (3) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation ("M&R"), Doc. 780, and (4) Defendant's Objections ("Objections"), Doc. 813. After reviewing these materials and the applicable law, the Court overrules Anokam's Objections, adopts the Magistrate Judge's M&R as its own, grants the Government's Motion for Summary Judgment, and dismisses Anokam's § 2255 Motion.

**I. Background**

This case arises from Anokam's August 11, 2014 request for federal habeas corpus relief under 28 U.S.C. § 2255. Doc. 688. On October 21, 2014, Anokam's § 2255 Motion was referred to Magistrate Judge Stacy. Doc. 691. In her thorough and well-reasoned M&R, the Magistrate Judge addressed each of Anokam's arguments for relief and concluded that this Court should deny Anokam's § 2255 Motion and grant the Government's Motion for Summary Judgment. *See* Doc. 780. After requesting and being granted additional time to respond, Anokam filed his Objections to the M&R on August 1, 2016. Doc. 813.

In his § 2255 Motion, Anokam rested his claims of ineffective assistance of counsel[1] on five grounds: (1) trial counsel failed to advise him on the advantages of pleading guilty rather than proceeding to trial; (2) trial counsel failed to advise him to proceed to a bench trial on stipulated facts; (3) both trial and appellate counsel failed to prepare for and raise certain objections in the sentencing phase of the case; (4) appellate counsel failed to include certain arguments in Anokam's appeal; and (5) the cumulative deficiencies of trial and appellate counsel prejudiced Anokam and mandate vacatur. Doc. 689 at 3. Anokam also argued that an evidentiary hearing was necessary to resolve these matters. *Id.* at 4. The United States responded in its Motion for Summary Judgment that both trial and appellate counsel's performance was reasonable, pointing to a long list of legal precedent in support of its position. Doc. 762. The Government also argued that an evidentiary hearing was unnecessary if the Court obtained an affidavit from Anokam's trial counsel, Cornell Williams ("Williams"). *Id.* at 27.

The Court responded by ordering Williams to provide an affidavit, which he did on March 17, 2015. Doc. 741. After conducting a thorough investigation of Anokam's claims, culling through fifteen days of trial testimony, and reviewing Williams's affidavit, the Magistrate Judge concluded that the record failed to show that trial counsel's overall trial performance fell below the ineffective-assistance-of-counsel standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. 780 at 17. Nor was the Magistrate Judge persuaded by Anokam's arguments of ineffective assistance of appellate counsel. *Id.* at 17. Having concluded that none of Anokam's ineffective-assistance-of-counsel claims were meritorious, the Magistrate Judge determined that Anokam's cumulative-effect claim also failed.

---

[1] Anokam was represented by three different attorneys in the course of his case; however, he alleges deficiencies only against the latter two: his second trial counsel and his appellate counsel. *See* Doc. 689.

*Id.* at 18.

In spite of the Magistrate Judge's findings, in his Objections, Anokam maintains that he received inadequate representation during all phases of his representation, from pre-trial to appeal. Doc. 813. In support of this contention he argues: (1) trial counsel failed to conduct an investigation or pre-trial briefing of any of the Government's witnesses; (2) trial counsel failed to file a motion to sever, suppress, or for a speedy trial; (3) trial counsel failed to consult with Anokam about accepting the government's plea offer or to negotiate a plea agreement after a proffer session in which Anokam provided incriminating information to the Government; (4) trial counsel failed to recognize that the money-laundering charge was covered under the proffer agreement or object to evidence protected by the proffer agreement; (5) trial counsel failed to depose the Government's witnesses, call any witnesses on behalf of Anokam, or present any mitigating evidence other than he simply did not understand the criminal intent of his co-defendants; (6) trial counsel asked the Court to lump his objections into a single general verdict and failed to petition the jury for a special verdict on the loss amounts and other relevant conduct; (7) trial counsel failed to file objections to the PSR and the Court's finding that Anokam was a "manager or supervisor" in the offense; (8) trial and appellate counsel failed to preserve certain issues and appellate counsel failed to raise a number of arguments on appeal; and (9) these cumulative deficiencies prejudiced him. *Id.* at 1–9.

## II. Legal Standard

Once a defendant has been convicted and has exhausted or waived his right to appeal, a Court may presume that he "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore, relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Usually, "[w]hen raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a petitioner must show both cause for his procedural default and actual prejudice resulting from the error." *Id.* A claim of ineffective assistance of counsel, however, satisfies the cause and prejudice standard. *Id.*

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13–CV–189–DAE, 2014 WL 1668488, at *2 (W.D. Tex. Apr. 14, 2014) (citing 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 151 (1985)). The court does not have to consider "'[f]rivolous, conclusive, or general objections.'" *Id.* (alteration in original) (quoting *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). In contrast, findings of the magistrate judge to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id.* The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. Analysis

#### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel under the Sixth Amendment is a recognized basis for invalidating a conviction. *United States v. Urias–Marrufo*, 744 F.3d 362, 365 (5th Cir. 2014). An ineffective-assistance-of-counsel claim under the Sixth Amendment is a mixed question of law

and fact. *Strickland*, 466 U.S. at 698. To prevail on a claim of ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that (1) counsel's performance was deficient, i.e., that counsel made errors so serious that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment and fell below an objective standard of reasonableness, and (2) that the defense was prejudiced by that deficient performance, i.e., that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different and the petitioner was thus deprived of a fundamentally fair trial and reliable outcome. *Id.* at 687; *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *U.S. v. Wines*, 691 F.3d 599, 611 (5th Cir. 2012). The likelihood of a different result must be substantial, not merely conceivable: "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). The court may examine either prong first and "'if either one is found to be dispositive, it is not necessary to address the other.'" *United States v. Webster*, 392 F.3d 787, 794 & n.12 (5th Cir. 2014) (quoting *Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989)).

"Judicial scrutiny of counsel's performance must be highly deferential," making every effort to "eliminate the distorting effects of hindsight," and there is a strong presumption that strategic or tactical decisions made after an adequate investigation lie within the wide range of an objectively reasonable performance. *Strickland*, 466 U.S. at 689. "'A conscious and informed decision of trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *United States v. Holmes*, 406 F.3d 337, 360 n.36 (5th Cir. 2005) (quoting *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003)). "'We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices.'" *Kitchens v.*

*Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)).

As the Fifth Circuit has opined:

> Constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight. The determination of whether counsel has rendered reasonably effective assistance turns in each case on the totality of facts in the entire record. Thus, we must consider a counsel's performance in light of the number, nature, and seriousness of the charges, the strength of the prosecution's case and the strength and complexity of the defendant's possible defenses.

*Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1993) (citations and internal quotation marks omitted). Furthermore, to establish prejudice under the second prong of *Strickland*, the petitioner must demonstrate that his counsel's errors were so serious that they rendered the trial's result "'unreliable or the proceeding fundamentally unfair.'" *United States v. Bernard*, 762 F.3d 467, 471 (5th Cir. 2014) (quoting *Lockhart*, 506 U.S. at 372). Importantly, "conclusory allegations of ineffective assistance of counsel do not raise a constitutional question in a federal habeas petition." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam); *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)).

The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). However, the law is clear that appellate counsel need not raise every non-frivolous issue on appeal. "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Williamson*, 183 F.3d 458, 462–63 (5th Cir. 1999) (citations omitted). Appellate counsel may select the issue or issues he thinks may provide the best chance for reversal. *Jones v. Barnes*, 463 U.S. 745, 751–54

(1983).

As a threshold matter, the Court finds that those parts of the Magistrate Judge's M&R not challenged by Anokam are not clearly erroneous or contrary to law. Therefore, the Court addresses *de novo* only the objections lodged by Anokam. First, however, the Court must emphasize that the Supreme Court has made clear that:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689.

### B. Anokam's Objections

#### i. Counsel's alleged failures during pre-trial

In his Objections, Anokam notes in passing that his "lawyers filed no pre-trial motion[,] such as a motion to sever, suppress[,] or speedy trial during pre-trial." Doc. 813 at 7. He makes no other arguments in support of this contention. *See id.* Nor does he attach any evidence in support. *See id.*

In the M&R, the Magistrate Judge first noted that defendants shoulder a heavy burden in demonstrating a severance is warranted and that joint trials are the rule rather than the exception in conspiracy cases. Doc. 780 at 14. The Magistrate Judge then determined that Anokam failed to

show "that the charges against him were improperly joined with his co-defendants; that he was harmed by an antagonistic defense strategy; and [that] he was otherwise prejudiced as a result of the joint trial." *Id.* She also noted that one of Anokam's co-defendants had filed a motion to sever, which was denied by this Court, so there was no reason to believe that the Court would have ruled differently if Anokam's counsel had filed such a motion. *Id.*

Anokam again fails to demonstrate improper joinder or prejudice or indicate how the outcome in his case would have been different had his attorney filed a motion to sever. He likewise produces no evidence to demonstrate how he was harmed by his attorney's failure to file any other pre-trial motion. His Objections on this ground are, therefore, overruled.

### ii. Counsel's alleged failures with regard to the plea

Here, Anokam disagrees with Williams's statement that "'[a]n offer was made to Mr. Anokam to pled [sic] to Conspiracy and Money Laundering and that offer was conveyed to Mr. Anokam. Mr. Anokam stated he was not guilty and wanted to proceed to trial.'" *Id*. at 1 (quoting Doc. 741). Anokam argues that Williams's "elusive affidavit provides no detail on the advice giving [sic] to Anokam on whether or not to accept the plea offer." *Id*. Hence, he concludes "that counsel Williams did not properly advise Anokam about the consequences of proceeding to trial rather than pleading guilty." *Id*.

According to Anokam, Williams employed this strategy because the charges of conspiracy and money laundering include an intent element and Anokam's lack of knowledge of his co-defendant's criminal intent was "a viable defense." *Id*. at 3. In addition, Anokam states that Williams failed to discuss with him the advantages and disadvantages of rejecting the plea offer and that Williams never advised him that "he could go back and attempt to renegotiate a better plea offer with the government" based on the fact that the money laundering charge was

covered by the proffer agreement. *Id*. at 4. Although Anokam admits that he wanted to proceed to trial rather than accept the Government's plea offer, he argues that he made this decision "based on bad legal advice." *Id*. Without substantiating this allegation, Anokam says that providing a client with bad legal advice and "having a five minute plea discussion with the government without first reviewing relevant facts of the case and applicable case law is not effective assistance of counsel under any reasonable reading of the Sixth Amendment." *Id*.

The Court finds that Anokam fails to satisfy his burden of proof to demonstrate ineffective assistance of counsel for a number of reasons. First, he does not point out what allegedly ineffective advice Williams provided to him with regards to the plea offer. Second, his claims that an offer was not made are undermined by the Government's evidence. The Magistrate Judge points out that, "Anokam discussed pleading guilty," and the Government attached to its Motion for Summary Judgment two letters sent by the Government to Anokam's attorney, concerning a possible plea and proffer, which were both signed by Anokam.[2] Doc. 780 at 11. Third, Anokam's argument is further undermined by Williams's affidavit in which he avers that Anokam continuously stated "he was not guilty and wanted to proceed to trial," and that "he continued to maintain his innocence despite the overwhelming weight and quality of the government's evidence." Doc. 741. Williams states, Anokam simply "did not believe he was part of the said conspiracy." *Id*. Importantly, Williams's statements are corroborated by Anokam himself, who admits that he wanted to proceed to trial rather than accept the Government's plea offer and states that "counsels conducted *numerous* proffer discussions with the government." Doc. 813 at 4, 7 (emphasis added). Finally, Williams's affidavit illustrates that his performance did not fall below that guaranteed by the Sixth Amendment because Williams formulated a

---

[2] Doc. 762-2 & 762-3.

strategy that "was reasonable at the time and balance[d] limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 107.

Considering these facts, the Court is unmoved by Anokam's claims that he would have admitted his criminal conduct and pleaded guilty had Williams advised him differently. Anokam had at least two chances to negotiate a more favorable outcome with the Government, and one chance to accept a plea offer. Rather than cooperate, however, he continued to insist that he was innocent. Anokam's vague and conclusory allegations about his attorney's alleged failure to provide effective assistance is undermined by the two plea-discussions he had with the Government, Williams's affidavit, and the record—all of which make clear that Anokam was offered a plea, namely that he could have pleaded guilty to conspiracy and money laundering. Doc. 780 at 13. After discussing the offer and the intent element of these charges with his attorney, however, Anokam chose to proceed to trial believing he had a viable defense. That this strategy ultimately did not pay off does not now entitle Anokam to lodge baseless complaints of ineffective assistance of counsel.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel, and the Court observes that Anokam disregards the "strong presumption" that the challenged conduct of trial counsel "was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1064–65 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690). "Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 89. In fact, "it is difficult to establish ineffective assistance when counsel's *overall* performance indicates active and capable advocacy." *Id*. (emphasis added).

Williams's determination that Anokam had a viable defense must be considered to be strategy or tactic in anticipation of trial. It is undisputed that Anokam had the opportunity to take the plea agreement offered by the Government. Nevertheless, he decided to proceed to trial because he was convinced of his innocence. Now, in conclusory fashion, he tries to base this decision on bad legal advice. According to the record, however, Williams's "overall performance indicates active and capable advocacy." *Harrington*, 562 U.S. at 111. Anokam's ineffective-assistance-of-counsel claim with regards to the plea agreement fails.

Anokam next argues that he received ineffective assistance of counsel because the government breached the proffer agreement by using protected information to increase his sentence. Doc. 813 at 4. He explains, "[i]n determining whether the terms of the plea bargain have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *Id.* (citation and internal quotation marks omitted). He directs the Court's attention to the terms of the supplement to his agreement, which include the Government's promise that "[a]ny information provided by Anokam, other than that charged in the pending indictment, in connection with Anokam's assistance to the United States, including debriefing and testimony, will not be used to increase Anokam's Sentencing Guideline level." *Id*.

However, Anokam does not provide the Court with any evidence as to what was said during the plea negotiations that the Government allegedly used in its second superseding indictment, thereby breaching the agreement. Nor does he provide the Court with any affidavits or other forms of evidence to support his claim that Williams failed to recognize that the Government used prohibited information against Anokam. The only relevant exhibit attached to Anokam's motion includes a proffer-negotiations agreement between Anokam, the Government,

and Mr. Merchant, then-attorney for Anokam, indicating that "no statements or other information provided by Mr. Anokam, not already known to the United states, will be used directly against Mr. Anokam in any criminal case emerging from this proffer, subject to the conditions of this agreement." Doc. 762-2 at 1.

Without clear and concise evidence that shows what the Government allegedly used to increase Anokam's sentence that Williams failed to object to, this Court cannot conclude that there was ineffective representation. Anokam must provide more than his subjective belief that the money laundering charge and other information cited in the second superseding indictment were protected by the proffer agreement. In addition, as the Magistrate Judge points out, the money laundering charge Anokam complains of was already part of the initial fifty-one count superseding indictment—which was issued before he entered into plea negotiations with the Government. *See* Docs. 780 at 2, 813 at 12.

Anokam also objects to the Magistrate Judge's conclusion that, "'even assuming that Anokam had pleaded guilty without a [favorable] plea agreement, a reduction under 3E1.1 for acceptance of responsibility is not automatic.'" *Id*. (quoting Doc. 780 at 13). According to Anokam, "[t]his conclusion is incorrect under circuit law," and "the record does not conclusively show that [Anokam] is entitled to no relief." *Id*. (citation omitted). Hence, Anokam concludes, if his allegation is true "that his attorney did not advise him as to the potential for an acceptance-of-responsibility reduction, thus leaving him with the belief that he had nothing to gain by pleading guilty, there can be little question that the attorney's performance was deficient." *Id*. at 2 (citation omitted).

Although he alleges that the Fifth Circuit is in his corner, Anokam fails to support his claim with any applicable precedent. Nor was the Court able to identify any Fifth Circuit case

contradicting the Magistrate Judge's findings in the course of its own investigation. Again, because Anokam has the burden of proof, his conclusory allegation that the Magistrate Judge's "conclusion is incorrect under circuit law," Doc. 813 at 1, does not raise a constitutional question in a federal habeas petition. *See Miller*, 200 F.3d at 282 ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.")

Lastly, Anokam argues that there might have been a reasonable probability that, had he admitted his criminal conduct and pleaded guilty, he would have received a sentencing reduction for accepting responsibility, which ultimately could have led to a shorter sentence than the one imposed. Doc. 813 at 2. However, as already discussed at length, the Court is not convinced that Anokam's decision to decline the plea agreement resulted from ineffective assistance by counsel. The Court is ill-suited to determine what exactly it was that trial counsel allegedly advised Anokam to do or not to do without having specific evidence that negates Williams's affidavit and the Magistrate Judge's findings. Without such evidence, it appears to the Court that it was solely Anokam's reluctance to take responsibility for his actions and his strong certainty of his own innocence that prevented Anokam from ultimately receiving a shorter sentence.

   **iii. Counsel's alleged failure to investigate/present exculpatory evidence and to object to unlawful admission of evidence by the prosecutor**

In his Objections, Anokam asserts that he received ineffective assistance of counsel at trial for a number of reasons. Doc. 813 at 7. First, he alleges that Williams did not depose a single person of the 35 government witnesses. *Id.* Next, he claims that Williams failed to object to the admission of evidence protected by his proffer agreement. *Id.* He also contends that Williams called no witnesses on his behalf and presented no mitigating evidence of his guilt other than "he simply did not understand the criminal intent of his co-defendants." *Id.*

In her M&R, the Magistrate Judge found that "Anokam has provided no specifics about the investigation that counsel could have or should have undertaken and should have presented at trial and that there is a reasonable probability that the proceeding would have been different." Doc. 780 at 15. She also noted that "Anokam does not identify the evidence that counsel could have and should have objected to." *Id.* at 15.

Here, Anokam again fails to explain how his attorney's failure to depose government witnesses or call witnesses on his behalf would have produced a different result. Nor does he detail what mitigating evidence he believes should have been presented or how it would have changed the outcome of his trial. Finally, although he argues that Williams should have objected to evidence admitted in violation of the proffer agreement, he does not state what this evidence was, demonstrate that it was protected, or illustrate how its omission would have affected his trial. As the Magistrate Judge already cautioned him, "conclusory allegations are insufficient to raise a constitutional issue." *Id.* Because he again fails to make anything but conclusory allegations, his objections are overruled.

### iv. Counsel's alleged failures during sentencing

Anokam argues that he would have received a three level reduction for acceptance of responsibility at sentencing "[h]ad trial counsel properly prepared for trial and took the time to adequately consult with Anokam about the advantages and disadvantages of pleading guilty rather than proceeding to trial." Doc. 813 at 5. He further argues that, "[h]ad counsel petitioned the court for a special jury verdict on loss amounts[,] that action would have compelled the jury to return a verdict significantly less than $ 19,047,546.88 [as] found by the PSR[,] and would have further reduced both Anokam's ultimate sentence and restitution amount." *Id*. Anokam bases this conclusion on his determination that "there is more than reasonable probability that

protected information was included in the formulation of Anokam's sentencing range." *Id*. According to Anokam, had counsel contested the money-laundering facts, which were allegedly protected by the proffer agreement, that action would have reduced his sentence by thirty-one months. *Id*. Furthermore, Anokam complains that "[a]sking the court to lump [Attorney Adler's] and former counsel's objections into a single general verdict is not the definition of effective assistance of counsel during sentencing." *Id*. at 8. He states that Mr. Adler made no constitutional arguments concerning loss amounts, filed no objections to the judicial sentencing determinations made by the Court, and did not take the matter up on appeal. *Id*.

As noted above, Anokam fails to provide the Court with adequate evidence to prove that certain statements made during the plea negotiations with the Government were actually used to his detriment. His only makes conclusory allegations. Furthermore, as the record indicates and the Magistrate Judge noted, "[t]he docket sheet shows that objections to the PSR, including the loss amount calculation[,] were filed by both Mr. Williams and Mr. Adler." Doc. 780 at 17. The fact that Anokam's attorneys' objections were overruled does not mean that their performance was deficient. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief."). As already stated, though ultimately unsuccessful, counsel formulated a strategy that "was reasonable at the time and balance[d] limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 107. Anokam's objections are overruled.

### v. Counsels' alleged failures with regard to Anokam's appeal

Here, Anokam complains that even though he was represented by three attorneys in this matter, not one of them preserved or raised his ineffective-assistance-of-counsel claims. Doc.

813 at 8. However, the Court does not believe that Anokam has shown that these issues were "sufficiently meritorious such that [Anokam's] counsel should have raised [them] on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Moreover, as the Magistrate Judge points out, ineffectiveness claims are usually not considered on direct appeal because the record is typically not sufficiently developed to show ineffective assistance of counsel. Doc. 780 at 18 (citing *Massaro v. United States*, 538 U.S. 500, 500–01 (2003); *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014)). Consequently, Anokam's objections on this point are also overruled.

### vi. Cumulative error

Finally, Anokam seeks to invoke the cumulative-error doctrine because he believes he presented "sufficient evidence for reversal based on counsel's numerous errors during pre-trial, trial, sentencing[,] and during direct appeal." Doc. 813 at 9. As the Magistrate Judge points out, however, because none of his ineffective-assistance-of-counsel claims are meritorious, he cannot avail himself of the doctrine. Doc. 780 at 18. His objection to the M&R on this point is likewise overruled.

In conclusion, Anokam has offered no proof of deficient performance either at trial or on appeal. Nor has Anokam demonstrated that there is a reasonable probability that but for counsel's alleged unprofessional errors, the result of the trial would have been different. Thus, no relief is available under § 2255 on Anokam's claims of ineffective assistance of counsel.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Anokam's Objections (Doc. 813) are **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's M&R (Doc. 780) is **ADOPTED IN ITS ENTIRETY**. Accordingly, the Government's Motion for Summary Judgment (Doc. 762) is

**GRANTED**, and Anokam's § 2255 Motion (Doc. 688) is **DENIED**.

SIGNED at Houston, Texas, this 16th day of February, 2017.

                                              MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE